IN THE MATTER OF THE APPLICATION OF THE MORSE-MERE SAVINGS AND LOAN ASSOCIATION TO RELOCATE ITS PRINCIPAL OFFICE FROM 1400 ANDERSON AVENUE, FORT LEE, TO STORE SPACES NOS. 4 AND 5, BUILDING NO. 3, PRESIDENTAL APARTMENTS, 1350 SIXTEENTH STREET, FORT LEE, BERGEN COUNTY, NEW JERSEY.

Superior Court of New Jersey
Appellate Division

Argued September 11, 1978—Decided September 20, 1978.

Before Judges Conford and Pressler.

Mr. T. Robert Zochowski argued the cause for appellant Fort Lee Savings and Loan Association.

Mr. Michael E. Goldman, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).

Mr. E. Robert Levy argued the cause for respondent-applicant (Messrs. Marcus, Levy, Fiorello & Moraff, attorneys).

Per Curiam. This is an appeal by Fort Lee Savings and Loan Association from the grant of approval by the Depart-

ment of Banking for a relocation of the principal office of Morsemere Savings and Loan Association from 1400 Anderson Avenue, Fort Lee, to 1350 Sixteenth Street, Fort Lee. The basis for the objection is the allegation that Morsemere did not yet have any established office in Fort Lee, and that therefore it could not take advantage of the statute which permits a change of principal office of a state savings and loan association from one location in a municipality to another in the same municipality without the hearing on notice which is required when the change of location is from one municipality to another. *N. J. S. A.* 17:12B–40(1), (2).

The background of the controversy is as follows. Morsemere originally had its principal office in Palisades Park. In July 1974 the Department of Banking, after a hearing, approved the relocation of its principal office from Palisades Park to Fort Lee and the establishment of the office in Palisades Park as a branch office. That ruling was affirmed on appeal by the Fort Lee Association by the Appellate Division. Between the date of approval and September 21, 1977 Morsemere obtained from the Department of Banking a number of extensions of time to open the principal office in Fort Lee, the last extension expiring December 2, 1977.

On September 21, 1977 Morsemere filed the application here in question. The cited statute provides that a change of location of a principal office within the same municipality may be effected by the filing of a certificate of such change with the Commissioner of Banking within one week from the date of change. Where, however, the principal office is to be removed from one municipality to another the change can take place only after application and approval by the Commissioner. Such approval requires written notice of a hearing to all associations located within the municipality in which it is proposed to locate the office, and findings by the Commissioner that the change is in the public interest, will be of benefit to the new area and will serve to advantage the needs and convenience of the public and that the

association will have a reasonable prospect of success at the new location. *N. J. S. A.* 17:12B–43.

The basic question before us is whether an association which has been legally granted permission to establish an office in a given municipality may be considered to be located there upon such approval, but prior to the actual opening for business of the office there. The Commissioner construed the statute as permitting an affirmative response to that inquiry. Appellant challenges that determination primarily on the basis of the statutory definition of the term "principal office" as meaning "the legally established office of an association for the transaction of its business * * *." *N. J. S. A.* 17:12B–8. The Department of Banking, as well as respondent, defend the decision to permit relocation in the same municipality of approved but unopened offices as though the offices were open and operating, on the following rationale. The original approval for the location in Fort Lee was the subject of a thorough investigation by the Department and was found to be satisfactory under the same statutory criteria as would have to be met if the subject change of location were to a different municipality. The present respondent was permitted to submit its objections to that location and they were found insufficient to warrant a refusal of approval by the Department, and that determination was heretofore affirmed by this court on appeal. The presently proposed relocation from one situs in Fort Lee to another nearby constitutes a change of location of such small magnitude as to refute the common sense of any construction of the statute which would preclude approval thereof merely because the change in location originally granted upon full investigation had not been consummated to the extent of an opening of the office for business. Clearly there would be no rational basis for holding a different view with respect to the appropriate procedure for a change of location within the same municipality as between an association which had obtained approval but not yet opened for business and one which had obtained approval but had opened a week prior to the applica-

tion for such a change of location. Yet appellant's position would call for such differentiation.

The record indicates practical administrative construction by the Department in the past of statutes controlling comparable situations consistent with its determination in the subject case. The pertinent comparable statutes are *N. J. S. A.* 17:9A–22 and *N. J. S. A.* 17:12B–27.1. Consider also *N. J. S. A.* 17:9A–12B wherein the Legislature provided that, after approval of a new bank charter and before the bank is operational, the incorporators may amend the certificate of incorporation, changing the location of the principal (and only) office without prior notice or hearing, so long as the new location would not service a substantially different area.

We conclude that the determination of the Commissioner in this case was entirely proper and was not, as charged by the appellant, arbitrary, capricious or unreasonable in any respect. It is affirmed.